# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JONATHAN SHOWERS,

    Plaintiff,

v.

WAYNE COUNTY,

    Defendant.
_____/

Case No. 17-cv-13035

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

## ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate confined at the Wayne County Jail in Detroit, Michigan. On September 14, 2017, Magistrate Judge R. Steven Whalen signed an order of deficiency. Dkt. No. 2. This order required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official, and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months. *See id.* Alternatively, the order allowed Plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. *Id.* The order gave Plaintiff thirty days to comply. *Id.*

1

On September 25, 2017, Plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs. Dkt. No. 4. Plaintiff, however, has failed to provide this Court with a written authorization to withdraw funds from his prison trust fund account. Plaintiff has also failed to provide the Court with a certified trust account statement.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement. The account statement must include the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)).

Sometimes an inmate does not pay the full filing fee and fails to provide an affidavit of indigency or a certified trust account statement to the court. When this happens, "the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee." *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "the district court must presume that the prisoner is not a pauper and assess the inmate the full amount

of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. When plaintiff filed his complaint, he became responsible for the filing fee. *See McGore v. Wrigglesworth*, 114 F. 3d at 605. Plaintiff therefore waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *Id.* Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x. 530, 532–33 (3rd Cir. 2010).

Plaintiff has also failed to provide the Court with a signed certification of his trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins*, 99 F. App'x. 208, 209–10 (10th Cir. 2004); *see also Moore v. Vantifflin*, No. 2:08-CV-15168, 2009 WL 224548, at * 1 (E.D. Mich. January 30, 2009).

Finally, Plaintiff has failed to provide the Court with a current computerized trust fund account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is thus subject to

dismissal for lack of prosecution because of his failure to correct the deficiency by providing the Court a copy of his computerized prison trust fund account for the past six months. *See Davis v. U.S.*, 73 F. App'x. 804, 805 (6th Cir. 2003); *Patterson v. Mackie*, No. 13-15149, 2014 WL 1478437, at *2 (E.D. Mich. Apr. 15, 2014).

Plaintiff has failed to correct the deficiency in this case. Because Plaintiff has failed to comply with the deficiency order, the Court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See Erby v. Kula,* 113 F. App'x. 74, 75–76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint [Dkt. Entry # 1] under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

Dated: November 30, 2017                    /s/Gershwin A Drain
                                            Hon. Gershwin A. Drain
                                            United States District Court Judge